UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DERRIK THOMAS,

         Petitioner,     DECISION & ORDER

-vs-

                  20-CV-6341 (CJS)

JULIE WOLCOTT, Superintendent
of Orleans Correctional Facility.

         Respondent.
_____

*Pro se* Petitioner, Derrik Thomas, is an inmate at the Orleans Correctional Facility. He has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which – after providing ample notice and an opportunity to withdraw his petition – the Court converted to a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Dec. and Order, July 21, 2020, ECF No. 7. This matter is presently before the Court on Respondent's motions to transfer venue or, alternatively, to dismiss the petition. Mot. to Change Venue, Mot. to Dismiss, Aug. 24, 2020, ECF No. 8. Petitioner opposes Respondent's motions. Reply/Resp., Sept. 24, 2020, ECF No. 11; Resp., Feb. 26, 2021, ECF No. 13.

For the reasons that follow, Respondent's motion to change venue, motion to dismiss [ECF No. 8] is granted in part, and denied in part. Specifically, Respondent's motion to dismiss the petition [ECF No. 8] is granted, and consequently Respondent's motion to change venue [ECF No. 8] is denied as moot.

BACKGROUND

The reader is presumed to be familiar with the factual background and procedural history of this action, which were more completely set forth in the Court's prior decision

1

and order. Dec. and Order, ECF No. 7. In pertinent part, that decision stated:

> In 2014, Petitioner was convicted, after a jury trial, in the Albany County Supreme Court on two counts of third-degree sale of a controlled substance and one count of seventh-degree possession of a controlled substance under New York state law . . . . He was sentenced to an aggregate term of eight years in prison, plus two years of post-release supervision . . . . Petitioner's conviction was affirmed on direct appeal, and the New York Court of Appeals denied him leave to appeal . . . .
>
> In July 2019, Petitioner, through counsel, filed a petition under 28 U.S.C. § 2254 in the Northern District of New York in which he argued that his federal constitutional rights were violated during his trial . . . . Briefing on the § 2254 petition in the Northern District of New York has been completed, but a decision is still pending . . . . In the meantime, Petitioner filed the instant petition under 28 U.S.C. § 2241, as well as a motion for preliminary injunction and a temporary restraining order, seeking his immediate release due to what he perceives as the Orleans Correctional Facility's inability to keep him safe during Covid-19 global pandemic . . . .

Dec. and Order at 2 (internal citations omitted).

The Petitioner did not withdraw his § 2241 petition prior to August 10, 2020 and, as a result, pursuant to the Court's decision and order, it has been converted to a § 2254 petition. Dec. and Order at 10. Respondent now moves the Court to transfer the petition to the Northern District of New York where Petitioner already has a pending § 2254 petition or, alternatively, dismiss the petition because Petitioner does not present a cognizable claim and has not demonstrated exhaustion of his state court remedies. Resp. Mem. of Law, Aug. 24, 2020, ECF No. 8-2.

## LEGAL STANDARD

The general legal principles applicable to a habeas corpus petition pursuant to 28 U.S.C. § 2254 are well-settled. Federal courts are obliged to give deference to state courts' decisions. *See Chrysler v. Guiney*, 806 F.3d 104, 117 (2d Cir. 2015) (citing The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214). "First, the exhaustion requirement ensures that state prisoners present their

2

constitutional claims to the state courts in the first instance." *Jackson v. Conway*, 763 F.3d 115, 132 (2d Cir. 2014). "Should the state court reject a federal claim on procedural grounds, the procedural default doctrine bars further federal review of the claim, subject to certain well-established exceptions." *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72, 82–84 (1977)). For claims adjudicated on the merits in state court, a federal court may issue a writ of habeas corpus only when the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . ." *Chrysler*, 806 F.3d at 117 (quoting 28 U.S.C. § 2254(d)(1)).

With respect to the exhaustion requirement, the Court recently stated:

> Section 2254 contains a strict statutory exhaustion requirement barring relief unless the "applicant has exhausted the remedies available in the courts of the State," "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). A petitioner has exhausted his constitutional claims if he has "presented [them] to the highest state court from which a decision can be obtained." *Lewis v. Bennett*, 328 F. Supp.2d 396, 403 (W.D.N.Y. 2004) (citing *Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000)).

*Perez v. Wolcott*, No. 20-CV-6294 CJS, 2021 WL 1516240, at *3 (W.D.N.Y. Apr. 16, 2021) (quoting *Steward v. Wolcott*, No. 20-CV-6282-FPG, 2020 WL 3574617, at *2 (W.D.N.Y. July 1, 2020)).

## DISCUSSION

Because Petitioner is proceeding *pro se* in this action, the Court will construe his papers liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Nevertheless, the Court agrees with Respondent that the petition must be dismissed without prejudice for failure to exhaust state remedies. After a thorough review

3

of Petitioner's papers, the Court finds that Petitioner fails to indicate that he has *pursued* any state court remedies, let alone *exhaust* them. The Court previously raised a concern about the exhaustion requirement in denying Petitioner's motion for a preliminary injunction (Dec. and Order at 8), and Respondent expressly argues in the instant motion that Petitioner has failed to exhaust (Resp. Mem. of Law at 13). Even so, Petitioner's response papers to the instant motion do not include any mention of attempts by Petitioner to exhaust his state court remedies. Nor is there any suggestion of facts that would excuse Petitioner from the exhaustion requirement. *See, e.g., Steward*, 2020 WL 3574617 at *3 ("Petitioner apparently has not even attempted to bring his action in state court. Although New York state courts have implemented limitations related to COVID-19, those limitations do not apply to 'emergency applications related to the coronavirus.'"). Because Petitioner did not exhaust his state court remedies as required by 28 U.S.C. § 2254(b), the Petition must be dismissed. *Perez*, 2021 WL 1516240 at *3.

## CONCLUSION

For the reasons set forth above, Respondent's motion to change venue, motion to dismiss is granted in part and denied in part. Specifically, it is hereby

ORDERED that Respondent's motion to dismiss the petition [ECF No. 8] is granted; and it is further

ORDERED that Respondent's motion to change venue [ECF No. 8] is denied as moot; and it is further

ORDERED that the Petition is dismissed without prejudice.

The Clerk of Court is directed to close this action. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would

4

not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal in forma pauperis should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    SO ORDERED.

Dated:    July 27, 2021
              Rochester, New York

              ENTER:

              */s/ Charles J. Siragusa*
              CHARLES J. SIRAGUSA
              United States District Judge